## PROVIDENCE COUNTY.

---

JOHN ALLEN *et ux. vs.* OWEN KEILLY.

Where demised premises are used for any of the illegal purposes enumerated in Pub. Stat. R. I. cap. 80, § 1, neither the knowledge of the lessor before or at the time of the execution of the lease that the lessee intended to make such un-

lawful use of the premises, nor the mere use of them for any of such purposes with the lessor's knowledge, will render the lease *ipso facto* void under the provisions of Pub. Stat. R. I. cap. 80, §§ 1, 4, if the lessor has not participated in the illegal acts of the lessee.

Where a tenant in the occupation of premises at a stipulated rent allowed the landlord to make use of the dining-room in the tenement on Sundays for the illegal sale of intoxicating liquors, under an agreement that if the tenant would permit the landlord to use the room for such purpose, the tenant might occupy the tenement rent free, the tenant not participating in the landlord's illegal acts, the landlord cannot treat such agreement as void under Pub. Stat. R. I. cap. 80, §§ 1, 4.

DEFENDANT'S petition for a new trial.

*February* 11, 1893. PER CURIAM. The defendant petitions for a new trial alleging that certain rulings of the court at the trial were erroneous. The action is trespass for assault and battery. The plaintiff, Catherine Allen, on whom, it is alleged the assault and battery were committed, was in the temporary charge of a certain tenement for one Bridget Baldwin, who had been in the occupation of it as a tenant under the defendant. The defendant alleged and offered testimony to the effect that the tenancy had been determined by the failure of the tenant to pay the stipulated rent for several months after it had been demanded. The plaintiffs alleged and offered testimony to show that no rent was due, for the reason that a new agreement had been made by the defendant and Mrs. Baldwin, that if she would allow him to use the dining-room in the tenement on Sundays for the sale of liquors,—he having a liquor store in the basement of the building in which he carried on his business during the rest of the week,—and would keep the room clean, and also the room of the bar-tender, who boarded with Mrs. Baldwin, she might occupy the tenement without charge for rent, and that this agreement had been in force for three months prior to the commission of the assault and battery in' ejecting Mrs. Allen from the tenement of which she was in charge under Mrs. Baldwin, as stated.

The court instructed the jury, that if there was such a contract, it was illegal, but though illegal, it would, nevertheless, so far bind the defendant as to prevent him from claiming that Mrs. Baldwin was a trespasser. This instruction is

complained of by the defendant; but even if it be not strictly accurate, we think that it was sufficiently favorable for the defendant. Pub. Stat. R. I. cap. 80, §§ 1, 4, are as follows:

"Section 1. All buildings, places or tenements used as houses of ill-fame, resorted to for prostitution, lewdness or for illegal gaming, and all grog-shops, tippling-shops or buildings, places or tenements used for the illegal sale or keeping of intoxicating liquors, or where intemperate, idle, dissolute, noisy or disorderly persons are in the habit of resorting, are declared to be common nuisances."

"Sec. 4. If any person, being a tenant or occupant under any lawful title, of any building or tenement not owned by him, shall use said premises or any part thereof for any of the purposes enumerated in section one of this chapter, such use shall annul the lease or other title under which said occupant holds, and without any act of the owner, shall cause the right of possession thereof to revert and vest in him, and said owner may make immediate entry thereon without process of law."

In *Almy* v. *Greene*, 13 R. I. 350, it was held that knowledge on the part of a lessor, before or at the time of the execution of a lease, that the lessee intended to use the demised premises in violation of the same provision of the statute as that contained in section one, above, was not sufficient to render the lease void, in the absence of any further participation in, or furtherance of, the illegal purpose of the lessee; and that the mere use of the leasehold premises for the purposes prohibited in section one did not, *ipso facto*, render the lease absolutely void, but that section four was intended for the benefit of the lessor, and he alone could take advantage of the avoidance, at least unless he himself had been a privy to such illegal use. There is nothing in the evidence to show that Mrs. Baldwin in any way participated in the unlawful sale of liquors on Sunday, or did anything in furtherance of the business as such. It is true that by the agreement she was to keep the dining-room clean, and also the room of the bar-tender. But the former she was obliged to do for her own use of the dining-room during the rest of the week; and

her duty as a boarding mistress required her to keep clean the room of the bar-tender who was her boarder. As held in *Almy* v. *Greene, supra,* the knowledge of Mrs. Baldwin that the dining-room was to be used for the illegal purpose at the time she entered into the agreement for its use did not render the agreement void; nor did the mere use of the dining-room for that purpose by the defendant with her knowledge render the agreement void, though under section four, above, she might as lessor have so treated it unless she herself had participated in the illegal use.

It appeared from the testimony that the plaintiff, Catherine Allen, had lived with Mrs. Baldwin, who was a married woman not living with her husband, for about three weeks prior to the trespass complained of, as a servant. The court ruled that Mrs. Baldwin had a right to have a servant in her employ. The defendant alleges that this ruling was erroneous. We fail to see why a married woman does not have the same right to have a servant in her employ, if she can obtain one, as anybody else. It is possible that her disability to enter into a binding contract might prevent her from finding a person to make a contract for service with her, but such disability does not affect her right to have a servant, if the servant is willing to enter her employment. But this matter was wholly immaterial, since it was not necessary to the plaintiffs' case that the relation of mistress and servant should have existed between Mrs. Baldwin and Mrs. Allen. It was enough that Mrs. Allen was in charge of the tenement by authority of Mrs. Baldwin.

We do not think that the defendant is entitled to a new trial on the ground of erroneous rulings.

Nor do we think that the verdict should be set aside on the ground that it is against the evidence, or that the damages are excessive. Two juries have heard the case and each has returned a verdict for the plaintiffs, the second exceeding the first by $100. Though we should have been better satisfied with these verdicts if the damages awarded had been smaller, yet, in view of the fact that there have been two verdicts substantially concurring in amount, we do not feel warranted

in setting the second verdict aside on the ground that the amount is excessive.

The defendant's petition for a new trial is denied and dismissed.

*John M. Brennan*, for plaintiffs.

*John Palmer & George J. West*, for defendant.